JOSÉ ESPRÍVALO y TOMASA GUZMÁN RUPERTO, demandantes y apelados, *v.* RAMÓN CEREZO MARTÍNEZ, demandado y apelante.

No. 5147.—*Sometido:* Noviembre 21, 1930.—*Resuelto:* Enero 21, 1931.

*Rafael Padró Parés,* abogado del apelante; *A. García Ducós,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En apelación de una corte municipal, este caso fué llamado para juicio sin que estuvieran presentes el demandado o su abogado. Ellos llegaron tarde, después de haberse examinado un testigo. Este era uno de los demandantes en el caso. Al llegar al juicio, el abogado del demandado presentó algunas excusas y entonces solicitó que se leyeran la contestación y el testimonio del aludido testigo. Dicho abogado también pidió que se tomara juramento a sus testigos. La corte declaró con lugar las solicitudes para que se leyeran la contestación y el testimonio del testigo, pero se negó a permitir que se tomara juramento a ciertos testigos del demandado, o que se les examinara. Resultó que los testigos que fueron excluídos habían estado presentes en la sala de la corte desde que comenzó el juicio y habían oído la declaración del demandante. Al dictar su resolución, la corte decidió que los referidos testigos debían excluirse no importaba cuál fuera la naturaleza de sus declaraciones.

El demandado solicitó que se permitiera a algunos testigos probar ciertos documentos, petición que la corte concedió; pero fuera de ellos excluyó rigurosamente a los testigos del demandado, actuación contra la cual se anotó excepción.

La teoría de la corte y del demandante fué, evidentemente, que los testigos de la parte contraria están absolutamente incapacitados para declarar como tales si permane-

cen en la sala de sesiones mientras se celebra un juicio, aunque no se promulgue orden alguna a ese efecto.

En este caso no se ha suscitado la contención de que dada la naturaleza del testimonio excluído, el demandado no fué perjudicado. El error, si se cometió, tendría que presumirse perjudicial en razón de la actitud drástica de la corte al excluir todos los testigos que no eran partes en el litigio y que habían oído el testimonio del lado contrario.

Privar a una parte de sus testigos es despojarla del derecho de ser oída y de defenderse. El caso de *Hovey* v. *Elliott,* 167 U.S. 409, resolvió que una corte con poderes plenos para castigar por desacato no podía citar a un demandado para que contestara, y entonces, por el hecho de que él fuera culpable de desacato, eliminar su contestación del expediente y las declaraciones a su favor. La corte citó del famoso caso de *Windsor* v. *McVeigh,* 93 U.S. 274, lo que sigue:

" 'El principio enunciado en este lenguaje terco descansa en la base de todos los sistemas de jurisprudencia bien organizados. Cuando uno es atacado en su persona o en su propiedad, puede defenderse, pues la responsabilidad y el derecho son inseparables. Este es un principio de justicia natural reconocido como tal por la inteligencia y la conciencia común de todas las naciones. La sentencia de una corte pronunciada contra una persona sin oírla o sin darle oportunidad de ser oída, no es una determinación judicial de sus derechos y no merece ser respetada por ningún otro tribunal.' "

Además del anterior, se revisan innumerables casos para demostrar cómo ordinariamente debe tener un hombre amplia oportunidad de ser oído antes de condenársele.

Probablemente en ciertos casos la corte puede excluir el testimonio de una parte o un testigo contumaz cuando no es factible ningún otro recurso, pero debe presentarse una situación extraordinaria, no revelada en el presente caso.

Los apelados sostienen que el demandado debió estar presente al empezar el juicio, y que entonces, de acuerdo con las reglas de la corte, debió ofrecer sus testigos. La corte no trató de excluir los testigos por haber llegado tarde el de-

mandado, sino solamente por el motivo de que indebidamente habían oído la declaración de uno de los demandantes. Además, si un demandado llega tarde, tiene el derecho absoluto de proseguir el caso desde la etapa en que lo encuentre a su llegada, y dentro de lo razonable la corte le permitiría, como en efecto lo hizo, enterarse de lo sucedido antes. Desde luego que una parte puede llegar tan tarde que la corte podría dar el caso por cerrado prácticamente en lo que a esa parte atañe.

En un gran número de casos es innecesario excluir a los testigos de cualquiera de las partes. El apelante indica que en este caso el artículo de la Ley de Evidencia relativo a la exclusión de testigos nunca fué invocado. Lee así:

"Artículo 150.—Si lo deseare alguna de las partes, el juez podrá excluir del tribunal cualquier testigo de la parte contraria que en aquel momento no estuviere sufriendo examen, a fin de que no escuche el testimonio de otros testigos; pero una de las partes en la acción o procedimiento no podrá ser excluída de este modo; y si una corporación fuere parte, tendrá derecho a la presencia de uno de sus oficiales, que designará el abogado de la misma."

Es evidente que la regla debe ser puesta en vigor antes de que una parte esté sujeta a una penalidad por permitir que sus testigos estén presentes cuando la contraria esté presentando su prueba. La resolución de la corte fué errónea, y es de presumirse que perjudicial.

Hemos examinado la demanda y creemos que aduce suficientemente una causa de acción.

*Por el error cometido al excluir los testigos, la sentencia debe ser revocada y devolverse el caso para nuevo juicio.*